**BRAY, MILLER & BRAY, L.L.C.**
Peter R. Bray (0767)
Attorneys At Law
Ivy Corporate Park
100 Misty Lane
Parsippany, New Jersey 07054-2710
Telephone No.: 973-739-9600
Facsimile No.: 973-739-9696
Attorneys for Defendants



UNITED STATES BANKRUPTY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re BLEND RESTAURANT CORP.<br><br>Debtor,<br><br>———<br><br>DANIEL J. YABLONSKY, Chapter 7 Trustee for the estate of Blend Restaurant Corp.,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER SHIELDS, and BLEND BAR ENTERTAINMENT, L.L.C.,<br><br>Defendants. | Case No. 08-27516 (DHS)<br>Chapter 7<br><br>Honorable Donald H. Steckroth<br><br>Adv. Proc. No. 09-1726 (DHS) |

**BRIEF IN SUPPORT OF DEFENDANT'S NOTICE OF MOTION FOR SUMMARY JUDGMENT**

On the Brief:

    Peter R. Bray, Esq.

# **TABLE OF CONTENTS**

    **Page**

TABLE OF AUTHORITIES .......................................... ii

INTRODUCTORY STATEMENT .......................................... 2

STATEMENT OF FACTS .............................................. 3

LEGAL ARGUMENT

    POINT I    THE TRUSTEE'S CLAIMS CANNOT BE SUSTAINED;
                AND, AS A RESULT, SUMMARY JUDGMENT
                SHOULD BE GRANTED DISMISSING THE
                COMPLAINT. ....................................... 5

CONCLUSION ...................................................... 7

## TABLE OF AUTHORITIES

Page

**CASES**

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) ... 6

Bassford v. Trico Mortgage Co., Inc., 273 N.J.
Super. 379, 384 (Law Div. 1993) ... 6

Celotex Corp. v. Catrett, 477 U.S. 317, 330, 106
S. Ct. 2548, 91 L.Ed.2d 265 (1986) ... 5

Jeselsohn v. Atlantic City, 70 N.J.
238, 243 (1976) ... 6

Jones v. Hackensack Auto Wreckers, 124 N.J.L. 289
(Sup. Ct. 1940) ... 6

Lawrence v. Nat'l Westminster Bank of NJ, 98 F.3d 61,
65 (3d Cir. 1996) ... 6

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) ... 5, 6

Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3d Cir.),
cert. denied, 502 U.S. 940 (1991) ... 6

Rivera v. Rogers, No. 02-CV-2798, 2006 U.S. Dist.
LEXIS 31842 (D.N.J. May 22, 2006), *aff'd.* No. 06-2936,
2007 U.S. App. LEXIS 7316 (3d. Cir. Mar. 29, 2007) ... 5

**Rules, Statutes, etc.**

N.J.S.A. 12A:2-38 ... 6

14 N.J. Practice §8.1(2) ... 6

Fed. R. Civ. P. 56(c) ... 6

## INTRODUCTORY STATEMENT

This Brief is submitted on behalf of Defendant ("Shields") and in support of his Notice of Motion for Summary Judgment Dismissing the Complaint.

Shields is a secured creditor of the Debtor, having loaned $2,000,000.00 to it approximately nine (9) months before the filing of the bankruptcy. An Auction Sale was conducted by the Trustee with AJ Willner serving as the auctioneer. The Auction Sale was scheduled to sell the personal property of the Debtor, including its liquor license.

Shields was the high bidder at the Auction Sale and paid a deposit of $100,000.00 on account of the bid.[1] Shields was unable to complete the purchase and forfeited the deposit.

The Trustee commenced a multi-count Complaint against Shields asserting claims that arise from Shields' inability to complete the purchase. The specific claims asserted are as follows:

A.    First Count – Shields breached the Contract, resulting in the Trustee having to re-sell the personal property for less money and subjecting Shields to liability for the damages.

B.    Second Count – Shields made a binding promise to fulfill the purchase and he is liable for damages under the principle of collateral estoppel.

C.    Third and Fourth Counts – The secured claim filed by Shields is challenged and asserted to be subject to disallowance because Shields failed to complete the purchase.

D.    Fifth Count – Shields' claim is subject to the principle of equitable subordination because of the failure to complete the purchase.

---

[1] Shields was then bidding on behalf of a limited liability company, which he thought had been formed. The particulars concerning this are not relevant to the disposition of this Motion.

2

## STATEMENT OF FACTS[2]

Shields loaned the Debtor $2,000,000.00 on December 28, 2007 (Shields' Aff. at paragraph 3). This loan was secured, and memorialized by the following documents:

(a)   A Mortgage Note.

    (b)   Assignment of Lease for Debtor's business premises.

    (c)   Assignment of Agreement from TD Bank North, N.A.

    (d)   Guaranty.

    (e)   Pledge Agreement.

    (f)   Security Agreement.

    (g)   Security Agreement.

    (h)   UCC-1.

(See Exhibits A through G to the Shields' Aff.)

The Trustee secured approval to conduct an Auction Sale of the Debtor's assets, including its liquor license; and, AJ Willner was engaged to serve as the auctioneer. An Auction Catalogue was circulated by AJ Willner, which provided details concerning the sale and announced the following condition:

> "Should high bidder fail to pay balance on time, deposit will be forfeited."

(See Exhibit H to Shields' Aff.)

Shields attended the Auction Sale (Shields' Aff. at paragraph 10). Prior to the actual commencement of the sale, the announcement was repeated that one of the terms of the sale was that:

---

[2] The factual statements set forth herein are all based upon the Affidavit by Shields, which has been filed in support of the application ("Shields' Aff.").

3

> "Should high bidder fail to pay balance on time, deposit will be forfeited."

(Shields' Aff. at paragraph 11)

Shields was the successful bidder and delivered a deposit of $100,000.00 (Shields' Aff. at paragraph 12). Shields understood that, if he failed to complete the purchase, he would forfeit the deposit (Id). Shields would not have bid the amount that he bid, and delivered the deposit of $100,000.00, had he understood that he was at risk to not only lose the deposit, but also be answerable for damages, in the event he was unable to consummate the purchase (Id.)

Shields was unable to consummate the purchase and the Trustee alleges that the assets were sold for an amount less than the amount bid by Shields.

4

**POINT I**     **THE TRUSTEE'S CLAIMS CANNOT BE SUSTAINED; AND, AS A RESULT, SUMMARY JUDGMENT SHOULD BE GRANTED DISMISSING THE COMPLAINT.**

All of the Trustee's claims, which are asserted in the Complaint, evolved around the theory that Shields is answerable for damages in excess of the amount of the deposit that he delivered at the Auction Sale. In this regard, the Trustee seeks to not only recover damages, but also to impair Shields' secured claim against the Estate of the Debtor.

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate where no genuine issue of material fact exists, and where, viewing the facts in the light most favorable to the nonmovant against whom summary judgment is sought, the moving party is entitled to judgment as a matter of law. As the District Court stated in Rivera v. Rogers, No. 02-CV-2798, 2006 U.S. Dist. LEXIS 31842 (D.N.J. May 22, 2006), *aff'd*, No. 06-2936, 2007 U.S. App. LEXIS 7316 (3d. Cir. Mar. 29, 2007):

> Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330, 106 S. Ct. 2548, 91 L.Ed. 2d 265 (1986). The moving party bears the burden of showing either (1) there is no genuine issue of fact and it must prevail as a matter of law; or (2) that the non-moving party has not shown facts relating to an essential element of the issue for which he bears the burden. Celotex, 477 U.S. at 331. If either showing is made then the burden shifts to the non-moving party, who must demonstrate facts that support each element for which he bears the burden and must establish the existence of genuine issues of material fact. Id. The non-moving party "may not rest upon the mere allegations or denials of his pleadings" to satisfy this burden, Fed. R. Civ. P. 56(e), but must produce sufficient evidence to support a jury verdict in his favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S. Ct. 1348, 89 L.Ed. 2d 538 (1986).

5

The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3d Cir.), cert. denied, 502 U.S. 940 (1991) (noting that a motion for summary judgment is not defeated by mere allegations, general denials, or other "vague statements"). Rather, only disputes regarding facts that might affect the outcome of the lawsuit under the governing law will preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). If the evidence is "such that a reasonable fact-finder could return a verdict for the nonmoving party," summary judgment should not be granted. Id. at 248; Lawrence v. Nat'l Westminster Bank of NJ, 98 F.3d 61, 65 (3d Cir. 1996).

Auction sales are no more, and no less, than public sales to the highest bidder. Bassford v. Trico Mortgage Co., Inc., 273 N.J. Super. 379, 384 (Law Div. 1993) aff'd 273 N.J. Super. 228 (App. Div. 1994). The Uniform Commercial Code, governs the sale of goods by auction. N.J.S.A. 12A: 2-38; Id.; Jeselsohn v. Atlantic City, 70 N.J. 238, 243 (1976).

The bids, at an auction, are considered to embody terms made known by advertising, posting or other publication available to the bidders. 14 N.J. Practice §8.1(2). There are a few reported decisions dealing with the affect, and import, of terms announced for an Auction Sale; however, this is probably not unusual, since the principle is well established in our laws that the terms announced become part of the bargain. This issue was, however, considered by the Supreme Court of New Jersey in Jones v. Hackensack Auto Wreckers, 124 N.J.L. 289 (Sup. Ct. 1940). There, a scrap iron auction was conducted pursuant to printed circulars, which advertised

the sale and disclosed that a sale would be absolute without limit or reserve (124 N.J.L. at 290)[3]. The sale was conducted, and the high bidder demanded delivery of the scrap iron; however, the scrap iron was withdrawn from sale before the acceptance of the bid. The Supreme Court held that, since the sale was announced to be "without reserve," there was no right to withdraw the goods from the sale (124 N.J.L. at 291).

Here, this Auction Sale was upon the term, and condition, that the deposit would be forfeited in the event that the successful did not consummate the purchase. No term was announced that the bidder would be liable for damages, in excess of the deposit, in the event the sale was not consummated; hence, this was not a term of the sale. As a result, the Trustee's claim, which seeks damages, and other relief, beyond retention of the deposit, must fail as being beyond the terms for the subject Contract.

---

[3] The term "without reserve" meant that the Seller could not withdraw the goods from the sale after a bid had been made and before the auction to credit the goods sold.

7

## CONCLUSION

For the reasons set forth, it is submitted that Shields' application for Summary Judgment should be granted.

BRAY, MILLER & BRAY, L.L.C.<br>
Attorneys for Defendant, Christopher Shields<br><br>
By: _____<br>
PETER R. BRAY

DATED:    October 28, 2009